We want to thank the Northern District of California for helping us out. We ran short of courtrooms over at 7th and Mission this week, so that's why we asked you to come over here. We've got a number of cases on the calendar this morning, so I'm going to hold you pretty closely to your allotted time so we can get through the calendar before noon. The first case, Gutierrez v. Springs Window Fashions Division, Inc., is submitted on the briefs, and we will hear argument in Jennings v. Gonzales. Oh, we are missing counsel. Here he is. Good morning. So no, our fault for starting early on. No problem, counsel. Jennings v. Gonzales. Go ahead. Yes, Your Honor. Yes, Judge. My name is James Sabalus. I am from Newport Beach, California and elsewhere, and I do represent Jennings and his company. Very briefly, I will begin with what I consider the first threshold question before this court, as it was before the district court. The threshold question before this court is under federal law and under California law, Mr. Jennings is precluded from having a firearm or being in the licensing business as a firearm distributor. This, I will dispense with the facts and only state that in our brief to the court, which the court was entitled and authorized to conduct a de novo hearing, we asked the court to recognize that there was a mistake made in the California expungement statute. Was it a mistake or did the law change and then you tried to take the law retroactively? That's the way it appears to me from the record, based on the argument that you made first time out to the Superior Court. Actually, as I went back and looked at it, Judge, the law was always the way it was in 1987. When I went back and looked in 1987 at the statutes, which I gave to this court as a courtesy copy, as of 1987, the section that dealt with, excuse me, 1203.4. And if you look at 1203.4 in 1987, Mr. Jennings was completely under the expungement order he got in 1999. He actually was prohibited. The actual provision he got relief under in 1999 was wrong. We claim it was a mistake and I have an argument why I think this court can draw a logical inference why it was wrong. The judge signed an order basically authorizing Mr. Jennings to be expunged. But in the expungement order prepared, the district attorney was there, probation was there, his counsel was there, the court was there. There should have been a paragraph in there and there wasn't that stated that Mr. Jennings could not have firearms. And it wasn't in there. It was overlooked by everyone. Why do you need that if the statute itself read in 1987, and I'm reading out of 1203.4, dismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or have in his or her custody or control any firearm? Because if you go to the next section below it, section 1203.4, without the subdivision A, it follows A for misdemeanors. There's no prohibition. That's a separate statute under California law. There's no prohibition. Well, it references 12021, but 12021 prohibits the carrying of concealed weapons. Only if his sentence was six months or longer. And that's right in the statute itself. And the upshot of this case is I went back to the district court, excuse me, the spirit court in San Bernardino, and asked them to correct it. The court did correct it. I have given you all that I can give you. I'm just going to spend a moment longer. But under California law, you had the 12th and as of 1987, the court, in 2005, the court ordered it be as of the law in 1987. I have given this court, and I don't know how else I can do it, the statutes. And these statutes, this 1203.4, without the parentheses A, if you go below it, where there's no parentheses, has no prohibition for firearms. There's no reference incorporating any other firearms prohibition. It's silent. But counsel, what do we do with the California Court of Appeals decision in Frawley, which basically explains that expungement under 1203.4 is very limited in terms of the relief that it actually affords the person who gets expungement under the statute? That's right. It's limited to the extent that it doesn't prohibit you from doing, from a If you look at the statute in 1987, and you look at Congress's instruction, then unless there's a prohibition in state law, what you do is you don't go any further than that. In fact, Frawley, Your Honor, is very helpful and instructive to this court, as are the other authorities in this case. And I'll tell you, if you look at Frawley, and I did, it says we begin the efforts to determine the intent of the legislature with the words of the statute, the plain meaning of the statute, and the plain meaning of the judge's corrected order referring back to 1203.4 without any subdivision, it's just an A for misdemeanors. If you read it in its entirety, there's not one reference to a firearm. And if the court wants to look beyond that, in 1988, the California legislature, and I provided this to this court, the California legislature went back and said, oops. They then went back and included a prohibition in 1988 that included the same provision in the one for felons, prohibiting them. This court should not be relying on Frawley. It should not be relying on any of the other cases the government is asking, because a plain reading of 1203.4A has no prohibition. But aren't you arguing the position that the California Court of Appeal rejected in Frawley? You're arguing for a much broader interpretation of the meaning of the word expunge than the California Court of Appeal said was the case under 1203.4 in Frawley. And I'm looking specifically at the language that the court used in its opinion. It's 82 Cal. App. 4th at 790 and 791, where they say, however, while a number of courts have used forms of the word expunge to describe the relief made available by section 1203.4, the statute does not, in fact, produce such a dramatic result. And then they go on to explain what expunge means in other statutory schemes, and then they say, but that's not what the California statute does. But federal law doesn't control, or state law doesn't control the issue. Well, federal law looks to the effect of an expungement under California law in order to determine whether or not Mr. Jennings can possess a federal firearm. And it has done so. And if this court looks to the statute under 1203.4A and looks at the plain meaning of the statute, the plain meaning of the statute doesn't apply. Frawley doesn't deal with section 1203.4A for misdemeanors. Frawley deals with felons, a different statute that came one, that at the time prohibited it. And so I look at the law as I see it, and if you follow the law, Frawley and the cases that are cited by the government, every single one of them, including... Counsel, let me challenge what you just said. It was my understanding that your client was in California Penal Code, which is assault with a deadly weapon, correct? Well, he was assaulted with a weapon. But that the judge has the authority, apparently under the statute, to sentence him as if it is a misdemeanor, correct? So it's a wobbler. He can either sentence him as a felon or as a misdemeanor. That's correct. And your argument is that because of the fact that he only received, what was that, 180 days in jail? 90 days in jail. 90 days in jail that it's a misdemeanor. But what do we do with the line of cases in California that says, for purposes of determining the effect of a conviction, we look to the statute and treat it essentially as a felony for purposes of disabilities down the road? Well, I respectfully disagree with you, Your Honor. Judge, you look as I see it, you look at the statute and the plain meaning of the statute itself for the disability. The disabilities under the statute you're looking at prohibited it. In 1987, there was no prohibition. It was added a year later. There couldn't be a better example of legislative intent than what the legislature does one year later by adding it because they went, oops, it wasn't in there. So Frawley and Hayden do not apply. And I would like to reserve just a moment, if I may. I believe that we have briefed this well. This court needs to look at that statute. It needs to look at what happened. And it Frawley doesn't when the language is clear. Frawley did an analysis because it was unclear. And if you look at Frawley, Frawley looks at a different statute that expressly prohibits it. In 1987, it was not expressly prohibited. In 1987, there was nothing there. Hayden needs to be controlled to its terms. It's been expanded by the government. And the government wants to rewrite the legislation for California. California did that for this court in 1988. I would only respectfully request, since I have 15 seconds, that the judge did not rule on our case. We have not waived anything. And I ask that this court read our briefs and look at the clear legislative intent of this state by way of its legislature, not Frawley, which was off point. I am done. I thank the court. Thank you, Counselor, for your spirited argument. We will now hear Mr. Addington on behalf of the attorney general. Thank you, Your Honor. May it please the court. My name is Greg Addington. I'm an assistant U.S. attorney for the District of Nevada in Reno. It is my pleasure to represent the government's interest before the district court as well as before this court. There is really no legitimate issue presented here that over which the court should pause for very long. The agency, ATF, took rather routine administrative action to revoke Mr. Jennings' federal firearms license in early 1999. And it took that action because he was at that time, and he remains today, ineligible for a federal firearms license. He is in a category of persons today, as he was in early 1999. He is within a category of persons whom Congress has declared unsuitable, unfit, ineligible for a federal firearms license because he has a misdemeanor conviction of a crime of domestic violence. And after 1996, that is a disqualifying conviction for federal firearms license purposes. He remains today, as I said, a person with that disqualifying conviction, and he will remain with that disqualifying conviction until that conviction is either expunged or set aside or Mr. Jennings obtains a pardon from an appropriate official that would extinguish the effect of that conviction for Gun Control Act purposes. He hasn't done that yet, and he certainly hadn't done it as of early 1999. In fact, by that time, he hadn't even requested any relief from his conviction. He only began the request for that relief that he did get that was ineffectual, but he requested that relief only after the revocation proceedings began. Why isn't the 1999 California Superior Court expungement, if we can use that term, why do you create the expungement that you said if he had, he'd be okay? We do use the term expungement somewhat generically, and it's been used rather loosely. The word expunge or expungement actually doesn't appear anywhere in the text of that 1999 order. It's in the title of the order, Order Expunging Conviction, recognizing that the order was drafted by Mr. Jennings' counsel, but answering the court's question, relief under 1203.4 or 1203.4a, if I can use that distinction, either one is not an expungement. Frawley plainly stated as much that because the statute 1203.4 expressly limits the effect of the relief that is obtained under that statute, that the exceptions to the relief, the conditions of the relief, take it out of the effect that would traditionally be associated with an expungement, and so we never reach the exceptions within the federal statute that allows a person to obtain an expungement. Okay, and the 99 California Superior Court order dealt with correctability or something or other. We call it expungement even though, you know, it's got a weird word. Under 1203.4, is that the statute? 1203.4, yes. 1203.4, is that correct? That was plainly the statute under which Mr. Jennings sought relief. It was quoted in the motion to the Superior Court at the time, and the order itself makes a specific reference and quotes from that statute. 1203.4. Correct. Nothing said about 1203.4A. Correct. 1203.4A would apply to people who were not given probation, is that correct? Exactly. And Mr. Jennings was given probation. He was sentenced to 90 days in jail and two years of probation. That's plainly stated in the judgment. 1203.4A would not benefit in any way. He had no eligibility for any relief under 1203.4a. And 1203.4 doesn't do it for him. 1203.4 doesn't do it because, for all he says, this is not an expungement because there are so many... Anything else to argue? Well, I made the effort to be here. I feel I should pick up my five minutes. But we started early. Right. Candidly, no. There is nothing left to argue. That he, Mr. Jennings wants to now pretend like the court made a mistake in 1999 that it should have made reference to 1203.4a. That wouldn't have done any good anyway. It wouldn't have done any good because he wasn't eligible for that relief. And even if he was eligible for that relief, it would still be subject to the same analysis that Frawley did for 1203.4. It still has the same types of limitations to the relief that is available under that statute. And I'll leave it there. Even though I have four minutes more, I would really be repeating myself, I think, if I kept going. We just can't pretend that he got relief 15 years before he requested it, that he got relief under a statute that he wasn't eligible for, and that there was a typographical error in an order in 1999. I would note that it's rather outrageous, I think is the polite term in my view, for Jennings through counsel to present to the San Bernardino County Superior Court a self-drafted order that purports to simply correct a typographical error in an order entered six years earlier when the effect of that 1999 order is at that time the subject of litigation in federal court without at least giving some notice to the party in the federal court litigation, namely me, that that effort is being made. It was not a typographical error. There was no relief sought under 1203.4a in 1999, and again, I would just be repeating myself for the next three minutes. The district court's judgment should be affirmed. His license, the federal firearms license, was properly revoked, and there is simply no legitimate issue that would affect the viability of that revocation proceeding. Thank you. Mr. Spaltz, I'll give you one minute in rebuttal. Again, with all due respect to the court, I ask this court to go back and look at 1203.4a that Frawley talks about. It doesn't talk about a 1987 1203.4a statute. You don't look to the whole law to determine whether or not somebody's prohibited. You look to the express language of the California legislature. I do not know how a court can state that we're going to ignore what the California legislature did one year later by adding the firearms provision. What greater evidence do you have that in 1987 there was no prohibition? If this court wants to know what the legislature did, it needs to look at what the legislature did, not what Frawley did on a different statute on a different year with a different party. 1203.4a, a narrow reading of the legislation, requires this court, with all due respect to say, that Mr. Jennings was not prohibited under that law, and under the unless clause, he must be allowed to have his license returned. Thank you, Mr. Paul. Thank you, Your Honor. You bet. It's just argued as ordered, or taken under advisement for decision, and we'll next hear arguments in Greene v. Solano County Jail.
judges: Alarcon, Thompson, Tallman